UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| JENNIFER PRICE, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No. 4:11-CV-1428 CAS |
| UTI, UNITED STATES, INC., | ) |  |
| Defendants. | ) |  |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant UTi, United States, Inc.'s ("UTi") motion for summary judgment as to all counts against it. Plaintiff opposes the motion, which is fully briefed and ripe for review. For the following reasons, the Court will grant defendant's motion in part, and deny the motion in part.

*I. Background*

In her complaint, plaintiff alleges claims of gender and pregnancy discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII") (Count I); disability discrimination and failure to accommodate under the American with Disabilities Act ("ADA") (Count II); gender, pregnancy, and disability discrimination under the Missouri Human Rights Act ("MHRA") (Count III); violations of the Family and Medical Leave Act ("FMLA") (Count IV); and breach of implied contract, promissory estoppel, and equitable estoppel under Missouri law (Count VI).[1]

Defendant UTi argues it is entitled to summary judgment as to all claims against it. It moves for summary judgment arguing that: (1) plaintiff received full benefits and protections under the

---

[1]Plaintiff also brought FMLA claim against two individual alias defendants "John Doe" and "Jane Roe" (Count V). Plaintiff has voluntarily dismissed her claims against these defendants. See Doc. 33.

FLMA in that she was granted 12 weeks leave; (2) plaintiff failed to establish a prima facie case of pregnancy discrimination under Title VII and the MHRA because she was not pregnant at the time she was terminated, and she has not identified persons who were not pregnant who were more favorably treated; (3) plaintiff cannot establish that she was disabled within the meaning of the ADA because even taking the evidence in a light most favorable to plaintiff, she only had pregnancy-related complications that did not exist after she gave birth or at the time of the termination of her employment; (4) there is no evidence that UTi failed to accommodate plaintiff's alleged disability, because plaintiff failed to participate in an interactive process, and the company did not have adequate information as to when plaintiff could return to work; and (5) plaintiff's claims of breach of implied contract, promissory estoppel, and equitable estoppel fail because plaintiff's claims require the Court to disregard plaintiff's employment at-will status and enforce a contract of employment for a definite term that did not exist.

## *II. Standard*

The standards applicable to summary judgment motions are well-settled. Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The initial burden is placed on the moving party. City of Mt. Pleasant, Ia. v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir. 1988) (the moving party has the burden of clearly establishing the non-existence of any genuine issue of fact that is material to a judgment in its favor). Once this burden is discharged, if the record shows that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing

2

there is a genuine dispute on a material factual issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

Once the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but by affidavit and other evidence he or she must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); Herring v. Canada Life Assur. Co., 207 F.3d 1026, 1029 (8th Cir. 2000). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). A dispute about a material fact is "genuine" only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Herring, 207 F.3d at 1029 (quoting Anderson, 477 U.S. at 248). A party resisting summary judgment has the burden to designate the specific facts that create a triable question of fact. See Crossley v. Georgia-Pacific Corp., 355 F.3d 1112, 1114 (8th Cir. 2004). "Self-serving, conclusory statements without support are not sufficient to defeat summary judgment." Armour and Co., Inc. v. Inver Grove Heights, 2 F.3d 276, 279 (8th Cir. 1993).

In passing on a motion for summary judgment, it is not the court's role to decide the merits. The court should not weigh evidence or attempt to determine the truth of a matter. Rather, the court must simply determine whether a genuine issue of material fact exists. Bassett v. City of Minneapolis, 211 F.3d 1097, 1107 (8th Cir. 2000).

### *III. Discussion*

In her memorandum in opposition to the motion for summary judgment, plaintiff concedes summary judgment on Count IV for violations of the FMLA. She also states that she is not proceeding under "a discriminatory disparate treatment" theory under the ADA. The Court will

grant defendant UTi summary judgment as to these two claims. As for the remaining claims, after reviewing the record and the parties' memoranda in support and opposition to summary judgment, the Courts finds there remain disputes of facts that preclude summary judgment.

### A. Gender and Pregnancy Discrimination

Based on the record before the Court, plaintiff has met her burden of establishing that there are facts in the record to create a genuine issue of material fact that she was disparately treated based on her gender and pregnancy.[2] The fact that plaintiff was not pregnant at the time of her termination does not preclude her claim under Title VII or the MHRA. "[S]ex-based discrimination under Title VII includes discrimination based on "pregnancy, childbirth, or related medical conditions." 42 U.S.C. § 2000e(k). Wierman v. Casey's General Stores, 638 F.3d 984, 993 (8th Cir. 2011) (citing to 42 U.S.C. § 2000e(k)). See also Snyder v. Yellow Transp., Inc., 321 F.Supp. 2d 1127, 1131 (E.D. Mo. 2004) (Title VII pregnancy discrimination applied to woman who was fired while she was recovering from a difficult pregnancy); Self v. Midwest Orthopedics Foot & Ankle, P.C., 272 S.W.3d 364, 371 (Mo. Ct. App. 2008) (discharged related to pregnancy is covered under MHRA). There is evidence in this case to establish a prima facie case of gender and pregnancy discrimination in that: 1) plaintiff was a member of a protected group; 2) she was qualified for her position; 3) she suffered an adverse employment action; and 4) she was discharged under circumstances giving rise to an inference of discrimination. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802–04 (1973);

---

[2]In her response memorandum, plaintiff argues, among other things, that defendant's leave policies disparately impacted pregnant women in violation of Title VII. Plaintiff did not plead disparate impact under Title VII in her complaint and, therefore, she cannot go forward on this claim. Jackson v. United Parcel Service, Inc., 643 F.3d 1081, 1087 (8th Cir. 2011) (holding district court properly granted summary judgment on claims not raised in complaint).

4

Forrest v. Kraft Foods, Inc., 285 F.3d 688, 691 (8th Cir. 2002); Spencer v. Stuart Hall Co., 173 F.3d 1124 (8th Cir. 1999). Plaintiff is not required to show that a comparable non-protected employee was treated better, Wierman, 638 F.3d at 993; she need only show that she was discharged under circumstances giving rise to an inference of discrimination, which plaintiff has done in that she was terminated approximately three weeks after she gave birth and while she was still recovering from a cesarean section. Smith v. Allen Health Sys., Inc., 302 F.3d 827, 835 (8th Cir. 2002) (holding that a two-week interval between an employee's FMLA leave and subsequent discharge was "sufficient, but barely so, to establish causation," and noting that the McDonnell Douglas framework "requires only a minimal showing before requiring the employer to explain its actions"). UTi has offered a nondiscriminatory reason for her discharge, but plaintiff has also pointed to evidence in the record to suggest that UTi's stated non-discriminatory reason for her discharge was pretexual in that the company has given conflicting information regarding her leave and the reasons for her discharge. Id. There is also evidence in the record to suggest that plaintiff's pregnancy was a contributing factor in the decision to terminate her employment. See Daugherty v. City of Maryland Heights, 231 S.W.3d 814, 821 (Mo. 2007) ("contributing factor" standard is appropriately applied to a summary judgment analysis in employment discrimination cases).

  **B.**  **Disability Discrimination - Failure to Accomodate**

Defendant is also not entitled to summary judgment on plaintiff's ADA claim for failure to accommodate. The ADA mandates that companies like UTi provide "reasonable accommodations to the known physical . . . limitations of an otherwise qualified individual with a disability who is an . . . employee, unless [it] can demonstrate that the accommodation would impose an undue hardship." 42 U.S.C. § 12112(b)(5)(A) (1994).

Contrary to defendant's argument, there is evidence in the record that plaintiff was disabled within the meaning of the ADA. The term "disability" includes a physical or mental impairment that substantially limits one or more major life activities. 42 U.S.C. § 12102(1). The ADA Amendments Act expanded the standard for determining whether an impairment substantially limits a major life activity. See ADA Amendments Act of 2008, Pub.L. No. 110-325, § 8, 122 Stat. 3553-54, 3559 (2008).[3] The regulations specify that "substantially limits" is to be "construed broadly in favor of expansive coverage" and "is not meant to be a demanding standard." 29 C.F.R. § 1630.2(j)(1)(i). Under these regulations, an impairment "need not prevent, or significantly or severely restrict, the individual from performing a major life activity" to be substantially limiting. Id. § 1630.2(j)(1)(ii) (abrogating Toyota Motor Mfg., Ky., Inc. v. Williams, 534 U.S. 184, 198 (2002)).

In addition, an impairment need not be permanent or long-term, and it meets the definition of "substantially limits" under the ADA if it is "episodic or in remission . . . [and] would substantially limit a major life activity when active." 29 C.F.R. § 1630.2(j)(1)(vii). The Equal Employment Opportunity Commission Interpretive Guidance excludes pregnancy itself as a physical impairment. 29 C.F.R. Pt. 1630, App. § 1630.2(h) ("conditions, such as pregnancy, that are not the result of a physiological disorder are also not impairments"). However, a "physical impairment" includes any physiological disorder or condition that affects the reproductive systems, which can be an impairment or complication related to pregnancy. See 29 C.F.R. 1630.2(h)(1). Taking the evidence in a light most favorable to plaintiff, there is evidence in the record that plaintiff was

---

[3] The ADA Amendments Act, which broadened the definition of what constitutes a disability, applies to this case. Congress enacted the amendments in 2008, which became effective January 1, 2009. Plaintiff went on leave on December 1, 2009, and her employment was terminated on or about March 31, 2010.

disabled within the meaning of the ADA because there is evidence that plaintiff suffered multiple physiological disorders and conditions that affected her reproductive system.

Defendant is also not entitled to summary judgment on plaintiff's failure to accommodate claim based on its arguments that plaintiff failed to participate in an interactive process, and that the company did not have adequate information as to when plaintiff could return to work. There remain factual disputes that preclude summary judgment as to these issues.

### C. State Law Claims

In Count VI, plaintiff brings claims of breach of implied contract, promissory estoppel, and equitable estoppel under Missouri state law.[4] The essential elements of a claim of promissory estoppel are: a promise, detrimental reliance on the promise in a way in which the promisor should have or did foresee, and an injustice which can only be avoided by enforcement of the promise. Clark v. Washington Univ., 906 S.W.2d 789, 792 (Mo. Ct. App. 1995); Townes v. Jerome L. Howe, Inc., 852 S.W.2d 359, 360 (Mo. Ct. App. 1993). "An employee must prove his [or her] employer made a promise in a contractual sense and may not use promissory estoppel to recover against a former employer where an employment contract could not be proven." Clark, 906 S.W.2d at 792. For example, the doctrine of promissory estoppel cannot remove oral employment contracts from

---

[4]Equitable estoppel is not a claim under Missouri law; it is a defense. BancorpSouth Bank v. Paramont Properties, L.L.C., 349 S.W.3d 363, 367 (Mo. Ct. App. 2011); White v. White, 293 S.W.3d 1, 16 (Mo. Ct. App. 2009) (citing to Black's Law Dictionary 590 (8th ed. 2004). The Court, therefore, does not discuss plaintiff's equitable estoppel claim further.

In her response memorandum, plaintiff asserts that in Court VI she has alleged "an FMLA equitable estoppel claim" pursuant to Duty v. Norton-Alcoa Proppants, 293 F.3d 481 (8th Cir. 2002). See Doc. 31 at 13. The Duty case did not involve a claim under Missouri law, but rather the plaintiff used the doctrine of equitable estoppel as a defense to avoid dismissal of her federal FMLA claim. Duty, 293 F.3d at 493-94. The Duty case is not applicable to the current dispute, because plaintiff has conceded UTi is entitled to summary judgment as to her FMLA claims.

7

the statute of frauds. Venable v. Hickerson, Phelps, Kirtley & Associates, 903 S.W.2d 659, 663 (Mo. Ct. App. 1995).

Under Missouri law, "a contract implied in law is imposed, or created, without regard to the promise of the party to be bound . . . . Thus, a contract implied in law is not actually a contract and, instead, is an obligation to do justice where no promise was ever made or intended." Johnson v. Estate of McFarlin ex rel. Lindstrom, 334 S.W.3d 469, 474 (Mo. Ct. App. 2010). Courts sometimes use the term "quasi-contract" instead of implied contract. See Karpierz v. Easley, 68 S.W.3d 565, 570 (Mo. Ct. App. 2002). "The essential elements of quasi-contract are: (1) a benefit conferred upon the defendant by the plaintiff; (2) appreciation by the defendant of the fact of such benefit; and (3) acceptance and retention by the defendant of that benefit under circumstances in which retention without payment would be inequitable." Pitman v. City of Columbia, 309 S.W.3d 395, 402 (Mo. Ct. App. 2010).

Defendant argues that plaintiff's claims of breach of implied contract and promissory estoppel fail because plaintiff's claims require the Court to disregard plaintiff's employment at-will status and enforce a contract of employment for a definite term that did not exist. Defendant also argues plaintiff's reliance on any alleged promise was not reasonable. The Court finds that defendant has not met its burden to establish that it is entitled to judgment as a matter of law as to these claims. With respect to plaintiff's promissory estoppel claim, although it is disputed, there is evidence in the record that UTi or its agent CIGNA promised plaintiff a leave of absence of twenty-two weeks or leave up until the time she was able to return to work. In general, Missouri is an at-will employment state. Dake v. Tuell, 687 S.W.2d 191 (Mo. 1985); Boyle v. Vista Eyewear, Inc., 700 S.W.2d 859 (Mo. Ct. App. 1985). However, it is clear that the doctrine of promissory estoppel

8

can create contract-like duties where they otherwise did not exist under at-will employment. Tippit v. Jepco, Inc., 726 S.W.2d 877, 878 (Mo. Ct. App. 1987). Whether the alleged promise made to plaintiff was definitive enough, and whether plaintiff's reliance was reasonable, are matters for the finder of fact.

As to plaintiff's implied contract claim, defendant has not articulated the elements of the claim under Missouri law or explained how plaintiff has failed to establish them. Defendant merely argued, without citation to legal authority addressing the concept of implied contract, that plaintiff cannot assert such a claim because she was an at-will employee. Defendant therefore fails to meet its initial burden on summary judgment and this aspect of its motion is denied.[5]

### IV. Conclusion

Plaintiff concedes summary judgment as to her claims under the FMLA and for disparate treatment under the ADA. As for plaintiff's remaining claims, the Court finds defendant has not met its burden of establishing that it is entitled to summary judgment on plaintiff's discrimination claims under Title VII and the MHRA, claim of failure to accommodate under the ADA, and claims of promissory estoppel and implied contract under Missouri state law.

Accordingly,

**IT IS HEREBY ORDERED** that defendant UTi, United States, Inc.'s motion for summary judgement is **GRANTED in part and DENIED in part**. The motion is **GRANTED** to the extent defendant is entitled to summary judgment on plaintiff's claims under the Family and Medical Leave

---

[5]The Court does note that after reviewing the record and the allegations in this case, it seems unlikely plaintiff could prove the elements of implied contract at trial.

Act and for disparate treatment under the Americans with Disabilities Act. In all other respects, the motion is **DENIED.** [Doc. 31]

A Partial Judgment will accompany this Memorandum and Order.

_____
**CHARLES A. SHAW
UNITED STATES DISTRICT JUDGE**

Dated this   5th   day of March, 2013