**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JENNIFER PRICE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:11-CV-1428 CAS |
| | ) | |
| UTI, UNITED STATES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter is before the Court on defendant UTi, United States, Inc.'s motion to reconsider and/or to clarify the Court's March 5, 2013, Memorandum and Order addressing summary judgment. Defendant argues that the law and evidence support dismissal of plaintiff's Missouri Human Rights Act ("MHRA") disability discrimination claim (Count III) and plaintiff's implied contract, promissory estoppel, and equitable estoppel claims (Count VI). For the following reasons, defendant's motion will be denied.

**I. Disability Claim under MHRA**

Defendant asserts that the Court should revisit its denial of defendant's motion for summary judgment as to plaintiff's claim of disability discrimination under the MHRA. Defendant argues that it is entitled to summary judgment as any claim of disability discrimination under the MHRA because plaintiff has abandoned the claim or, in the alternative, plaintiff cannot show there is a genuine issue of material fact with respect to her MHRA disability claim.

In its motion for summary judgment, defendant argued at length that plaintiff did not meet the definition of disability under 42 U.S.C. § 12102(1)(A) of the Americans with Disability Act ("ADA"). With regard to the MHRA, defendant argued, almost off-handedly, that "for the same

reasons that [p]laintiff cannot establish a claim under the ADA, [p]laintiff cannot establish a claim for disability discrimination under the MHRA." See Doc. 32 at 11. The Court disagreed with defendant's analysis under the ADA and it found, contrary to defendant's assertion, that the 2008 ADA Amendments Act ("ADAAA"), which broadened the definition of what constitutes a disability, did apply to this case. In ruling on defendant's motion, the Court specifically found the ADAAA did apply and it denied defendant's motion for summary judgment as to plaintiff's ADA failure to accommodate claim on this ground. The Court denied defendant's motion for summary judgment as to plaintiff's claim of disability discrimination under the MHRA because defendant did not make any arguments specific to plaintiff's MHRA disability claim apart from what it had argued in regard to the ADA. As a result, the Court found defendant had not met its burden on summary judgment to establish that it was entitled to judgment as to plaintiff's MHRA disability claim.

The Court will not dismiss plaintiff's claim of disability discrimination under the MHRA under defendant's new theory that she has abandoned this claim. At the time the Court decided summary judgment, there was nothing to indicate that plaintiff had abandoned her claim of disability discrimination under the MHRA. Plaintiff stated in her memorandum in opposition to summary judgment that she was not proceeding on a discriminatory disparate treatment theory under the ADA.[1] This does not constitute an abandonment of her claim under the MHRA, a separate statute.

The Court also will not dismiss plaintiff's claim of disability discrimination under the MHRA under defendant's new theory that there is no evidence in the record to support the claim. To the extent it was not made clear in the March 5, 2013 Memorandum and Order, defendant's

---

[1]The Court does agree with defendant that it would appear from the Complaint that plaintiff is not proceeding under a failure to accommodate claim under the MHRA.

motion for summary judgment as to plaintiff's claim of disability discrimination under the MHRA is denied. Defendant did not meet its burden of establishing it was entitled to summary judgment as to this claim. Plaintiff alleged an MHRA claim of disability disparate treatment in her complaint, and there is evidence in the record to support the claim. For example, plaintiff alleged in her complaint that not only was she actually disabled, but that she was regarded as being disabled. See Doc. 1 at 8. ("[plaintiff] being regarded as having an impairment played a part or role in UTi's decision to discharge [plaintiff]") (an allegation that was incorporated in Count III). This allegation, among others, was not addressed in defendant's motion for summary judgment. Defendant failed to meet its burden to show that it was entitled to summary judgment as to plaintiff's MHRA claim, because there is evidence in the record that plaintiff was discriminated against in violation of the MHRA because defendant regarded her as disabled, and this was a contributing factor in the decision to terminate her employment.

As for plaintiff being actually disabled under the MHRA, the Court will not address defendant's new argument that the more lenient standard under the ADA does not apply to the MHRA. Defendant waived its opportunity to move for summary judgment on this basis by not including the argument in its summary judgment motion. Whether or not the 2008 ADA Amendments Act applies to the MHRA definition of disability under Mo. Rev. Stat. § 213.010, which defendant now argues it does not, is an issue that can be decided at trial and in the jury instructions.

**II. Promissory Estoppel and Implied Contract Claims under Missouri Law**

As for the equitable claims under Missouri law, the Court found defendant had not met its burden on summary judgment. City of Mt. Pleasant, Ia. v. Associated Elec. Co-op., Inc., 838 F.2d

268, 273 (8th Cir. 1988) (the moving party has the burden of clearly establishing the non-existence of any genuine issue of fact that is material to a judgment in its favor).[2] In its motion to reconsider, defendant would like to re-litigate evidentiary issues and issues of agency.[3] The Court declines to do so.

Accordingly,

**IT IS HEREBY ORDERED** that defendant UTi, United States, Inc.'s motion for reconsideration of summary judgment is **DENIED.** [Doc. 55]

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 8th day of April, 2013

---

[2]In moving for summary judgment, defendant did not even set forth the elements of the claim of implied contract.

[3]Defendant also argues plaintiff abandoned these claims in her response to summary judgment. The Court does not agree. Plaintiff's citation to inapplicable law, while in error, does not constitute abandonment of a claim. Defendant, as the moving party, had the burden on summary judgment, not plaintiff, and it did not meet that burden. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The Court does note, however, that plaintiff has not filed jury instructions with respect to these equitable claims.