## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| JENNIFER PRICE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:11-CV-1428 CAS |
| ) | |
| UTi INTEGRATED LOGISTICS, LLC, ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's post-trial motion for equitable relief. Plaintiff seeks an award of front pay. Defendant UTi Integrated Logistics, LLC ("UTi") opposes the motion on various grounds. The motion is fully briefed and ripe for review. For the following reasons, the Court will deny plaintiff's motion for equitable relief.

### *I. Background*

Plaintiff Jennifer Price was terminated from her employment with UTi approximately three weeks after giving birth to twins. Plaintiff informed her managers and an employee in human resources in late summer or early fall 2009 that she was pregnant, and that she would require leave. She also told her managers that it was a high-risk pregnancy. Plaintiff was placed on pregnancy-related bed rest by her doctor on December 1, 2009. This was the first day of her leave. On March 8, 2010, plaintiff delivered twins by cesarean section. Two weeks later, UTi sent plaintiff a letter stating that she had exhausted her leave under the Family Medical Leave Act, and if she did not receive a release to return to full duty by March 31, 2010, she would be discharged. Plaintiff was unable to return to work by March 31, 2010, and she was terminated effective that date.

Plaintiff alleged in her complaint that she was discriminated against based on her gender, pregnancy, and disability, and that she had been promised that she could be on leave through May

3, 2010. Plaintiff brought a six-count complaint against UTi alleging gender and pregnancy discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII") (Count I); disability discrimination and failure to accommodate under the American with Disabilities Act ("ADA") (Count II); gender, pregnancy, and disability discrimination under the Missouri Human Rights Act ("MHRA") (Count III); violations of the Family and Medical Leave Act ("FMLA") (Count IV); and breach of implied contract, promissory estoppel, and equitable estoppel under Missouri law (Count VI).[1]

After conducting discovery, UTi moved for summary judgment. In response to summary judgment, plaintiff conceded that defendant was entitled to summary judgment as to her claim under the FMLA, and she also abandoned her disability discrimination claim under the ADA. The Court denied the motion for summary judgment in all other respects.

The parties proceeded to trial on plaintiff's claims of unlawful termination. Plaintiff testified that at the time of her termination, she was earning an annual salary of $37,800.00. She also testified that for a period of more than two years following her termination, she attempted to obtain a comparable lower-management position with similar compensation, but she was unable to do so. There is evidence in the record that shortly after she was cleared for work and had applied for unemployment benefits, there were at least three positions open at UTi for which she did not apply. She did testify that on July 16, 2012, she began a non-management job working at Worldwide Recycling, and she continued to work there through the date of the trial, earning approximately $24,000.00 a year.

---

[1]Plaintiff also brought FMLA claims against two individual alias defendants "John Doe" and "Jane Roe" (Count V). Plaintiff voluntarily dismissed her claims against these defendants. See Doc. 33.

Defendant also presented evidence at trial to support its defense that plaintiff was given an unconditional offer of reinstatement. On February 11, 2011, UTi sent plaintiff a letter stating that it was offering plaintiff her former position with the same duties, salary and benefits. The letter also stated that there would be no retaliation against plaintiff for filing an EEOC charge and that the offer was not contingent on her dropping her claim, but that she would continue to pursue her discrimination claim. Plaintiff declined the offer of reinstatement through her attorney, stating that she believed a productive and amicable working relationship was no longer possible, and that she had no confidence that she would be treated fairly if she were to become pregnant again.

When the case was submitted to the jury, plaintiff abandoned her claims of breach of implied contract, promissory estoppel, and equitable estoppel. Plaintiff's claims of discrimination under the ADA, Title VII, and the MHRA were submitted to the jury. The jury returned a verdict in favor of defendant as to plaintiff's claims under the ADA and Title VII. The jury found in favor of plaintiff as to her claim under the MHRA. The jury awarded plaintiff $30,000.00 for lost wages, and $5,000.00 in compensatory damages. This was significantly less than the amount in damages she requested. At trial, plaintiff urged the jury to award her approximately $100,000.00 in back wages, in addition to compensatory and punitive damages.

Following the jury verdict, plaintiff moved that the Court grant her equitable relief. Plaintiff requests that she be awarded front pay under the MHRA. She asks that the Court award her 10 years of front pay, calculated to be the difference between her final salary at UTi and her current salary, which she calculates to be approximately $133,000.00. Plaintiff is requesting over $130,000.00 in front pay, although the jury only awarded her a fraction of the amount of back pay she requested at trial. She argues an award of front pay is appropriate in this case because she prevailed at trial, and reinstatement is not feasible because the relationship between her and UTi is hostile and cannot be repaired.

3

Defendant responds that plaintiff's request for front pay should be denied because it is procedurally and substantively deficient. It argues that the Court does not have the authority to amend the judgment because plaintiff failed to file a timely Rule 59(e) motion. As for the substance of the motion, UTi argues that plaintiff's request for front pay is inconsistent with the jury verdict. It argues that it is evident from the verdict that the jury limited plaintiff's back pay to the period from the date of her termination in May 2010 until the date of defendant's offer of reinstatement on February 7, 2011. Defendant also argues plaintiff's motion is misguided because plaintiff has not shown reinstatement is impracticable or impossible.

## II. Discussion

Plaintiff's motion for front pay is properly before the Court. UTi takes the position that although plaintiff sought front pay in her complaint, she is precluded from seeking the award now because the issue was not addressed at trial or shortly thereafter. Front pay is to be decided by the court, not the jury. Brady v. Curators of Univ. of Mo., 213 S.W.3d 101, 113 (Mo. Ct. App. 2006) (citing Salitros v. Chrysler Corp., 306 F.3d 562, 570 (8th Cir. 2002)). Trials should be conducted to allow claims at law to be tried to a jury, with the Court reserving for its own determination only equitable claims and defenses, which should not be inconsistent with the factual findings made by the jury. State ex rel. Leonardi v. Sherry, 137 S.W.3d 462, 473 (Mo. 2004 (en banc). It is clear from the complaint that plaintiff always intended to seek front pay in this suit, and she is not precluded from seeking front pay now because she did not raise the issue at trial. In fact, it would have been inappropriate to do so.

As for the merits of the claim, front pay is an equitable remedy under the MHRA. Gilliland v. Missouri Athletic Club, 273 S.W.3d 516, 524 (Mo. 2009) (en banc). "[Front pay is] an offshoot of the court's equitable power to grant reinstatement and otherwise make whole a victim of discrimination." Id. "Where reinstatement is not feasible, such . . . where the employer-employee

4

relationship cannot be repaired through reinstatement, a court . . . can consider front pay in lieu of reinstatement." Id.  Reinstatement is the preferred remedy for unlawful employment discrimination, and front pay is the disfavored alternative, available only when reinstatement is impracticable or impossible. Brady, 213 S.W.3d at 113.  When reinstatement is not feasible, the court may grant front pay as an alternative equitable remedy.  Id. (citing Altenhofen v. Fabricor, Inc., 81 S.W.3d 578, 594 (Mo. Ct. App. 2002)).

Under Missouri law, there is a duty to mitigate damages. Where a victim of employment discrimination unreasonably rejects an unconditional offer of reinstatement by the former employer, he or she is barred from recovering back pay from the date of the rejection forward, because the plaintiff has not made reasonable efforts to mitigate his or her damages.  Pollock v. Wetterau Food Distrib. Group, 11 S.W.3d 754 (Mo. Ct. App. 1999) (citing Ford Motor Co. v. Equal Employment Opportunity Commission, 458 U.S. 219, 238–39 (1982)). And although the Court did not find a Missouri case addressing the issue, the Court finds that it would logically flow that a plaintiff's unreasonable rejection of an unconditional offer of reinstatement would also stop the accrual of front pay. See, e.g., Smith v. World Ins. Co., 38 F.3d 1456 (8th Cir. 1994) (applying federal employment discrimination statute); Fiedler v. Indianhead Truck Line Inc., 670 F.2d 806, 808 (8th Cir.1982) (same).

In this case, it is undisputed that in February 2011, UTi made plaintiff an unconditional offer of reinstatement. See Doc. 45 at ¶ 12.  It is also undisputed that plaintiff rejected this offer. Defendant argues that plaintiff's rejection of its offer, which defendant asks the Court to find was unreasonable, precludes her from receiving an award of front pay.  Plaintiff counters that UTi cannot rely on this defense for the purposes of precluding an award of front pay, because the question of whether plaintiff's rejection of the offer of reinstatement was reasonable was not submitted to the jury in a separate jury instruction. Citing to Smith v. World Insurance Co., 38 F.3d 1456 (8th Cir.

5

1994), plaintiff argues that the Eighth Circuit requires that the jury answer a written question expressly determining whether plaintiff's rejection of an offer of reinstatement was reasonable, which was not done in this case. According to plaintiff, because a separate instruction regarding the reasonableness of her rejection was not given to the jury on the issue of back pay, the defense is not available for opposing her request for front pay. In other words, plaintiff argues that defendant waived its right to have the jury make a determination regarding the reasonableness of plaintiff's rejection of the offer of reinstatement when deciding back pay and, therefore, the company cannot raise this defense to the Court in opposing to an award of front pay.

The Court finds that in deciding the equitable issue of front pay, it can consider the fact that plaintiff rejected an unconditional offer of reinstatement. First, the holding in Smith applies to federal discrimination laws, not the MHRA. See Smith 38 F.3d at 1459 (applying law under the Age Discrimination in Employment Act). Plaintiff points to no case, and the Court has found none, that holds that a separate instruction as to reasonableness must be submitted to the jury under Missouri law.

Second, even if Smith applies to the MHRA, the cases are distinguishable.[2] Plaintiff is correct that in the present case the jury was not given a separate instruction regarding the effect of an unconditional offer of reinstatement and plaintiff's rejection thereof. Here, the parties agreed to submit a model damages instruction, which included modified language regarding mitigation:

> You are also instructed that the plaintiff has a duty under the law to "mitigate" her damages that is, to exercise reasonable diligence under the circumstances to minimize her damages. Therefore, if you find that the plaintiff failed to seek out or take advantage of an opportunity that was reasonably available to her, including an unreasonable failure to accept an unconditional offer to return to work, you must

---

[2] Missouri courts often do look to federal case law when interpreting the MHRA. Swyers v. Thermal Science, Inc., 887 S.W.2d 655, 656 (Mo. Ct. App. 1994) ("[i]In interpreting the MHRA, we have adopted federal case law from Title VII cases in addition to case law from other states interpreting analogous discrimination statutes).

6

>reduce her damages by the amount she reasonably could have avoided if she had sought out or taken advantage of such an opportunity.
>
>See Doc. 83 at 19.

Plaintiff is also correct that the instruction in this case is nearly identical the instruction given in Smith, which the Eighth Circuit found was in error. But there is a distinction between the cases. In Smith, the jury was asked to decide, over the defendant's objection, the issue of back pay based on a general damage instruction similar to the one submitted in the present case. 38 F.3d at 1463. The jury returned a verdict for the plaintiff and awarded him a complete award of back pay. Id. at 1460. The district court, on a post trial motion, awarded the plaintiff approximately ten years of front pay. The defendant appealed and argued that the district court erred when it failed to submit an instruction to the jury that more specifically addressed the legal effect of the plaintiff's rejection of the unconditional offer of reinstatement. Id. at 1464. The Eighth Circuit agreed, and held that the defendant was entitled to such an instruction. Id. at 1465. The appellate court reversed the award of back pay, and remanded for a new trial with the specific instruction. The Eighth Circuit also reversed the award of front pay, finding that it would be contingent on jury's determination of back pay under the new instruction. Id. at 1467.

Here, defendant did not argue that it was entitled to separate instruction regarding the legal effects of an unconditional offer of reinstatement. And despite plaintiff's argument to the contrary, the Eighth Circuit in Smith did not hold that such an instruction was required, merely that the defendant was entitled to the instruction. Id. at 1465 (defendant "was entitled to a specific instruction on the effect of an offer of reinstatement and its rejection because the issue is critical in the case and [defendant]'s position on the issue has support in the evidence.") (emphasis added). Furthermore, the Smith decision did not hold, as plaintiff contends, that if a defendant fails to request a separate jury instruction regarding the legal effects of an unconditional offer of

7

reinstatement on back pay, it waives the right to raise the defense with the district court if the plaintiff moves for the equitable remedy of front pay. The Court finds that under the circumstances of this case, it is not precluded from examining whether plaintiff unreasonably rejected an unconditional offer of reinstatement such that she cannot recover an award of front pay.

In this case it is undisputed that defendant extended plaintiff an unconditional offer of reinstatement, which plaintiff refused. On February 11, 2011, before she had even filed suit, defendant sent plaintiff a letter offering plaintiff her former position with the same duties, salary and benefits. The letter also stated that there would be no retaliation against plaintiff for filing an EEOC charge, and that the offer was not contingent on her dropping her claim. Plaintiff declined the offer of reinstatement through her attorney, stating that she believed a productive and amicable working relationship was no longer possible, and that she had no confidence that she would be treated fairly if she were to become pregnant again.

The Court finds defendant's offer of reinstatement was unconditional, and plaintiff's rejection was unreasonable. Plaintiff testified that she did not have any problem working with the people at UTi's Moberly facility, but rather she was angry and upset with the people who worked in UTi's human resources office in South Carolina. This is not the case where a plaintiff suffered repeated discrimination or harassment by a supervisor or co-worker and she is being asked to return to the same environment. Compare Morris v. American Nat'l Can Corp., 952 F.2d 200, 203 (8th Cir. 1991) ("we are satisfied that this evidence shows that [defendant] was sincere in its claim that it was prepared to protect plaintiff from any further sexual harassment") (reversed on other grounds); Pollack v. Wetterau Foods Distrbr. Group, 11 S.W.3d 754 (Mo. Ct. App. 1999) (finding rejection of offer of reinstatement was unreasonable where harasser had been fired). This is also not the case where there were bad faith attacks on a plaintiff's performance or an unfounded performance record that the employer refused to expunge. Basic v. Chugach Support Servs., Inc., 673 F. Supp.2d 389,

8

404 (D. Md. 2009). In this case, the parties disagreed over the length of plaintiff's maternity leave, and whether all or some of it was paid. The discriminatory act, which was not on-going but a discrete event, had already taken place when defendant offered plaintiff reinstatement. What is more, defendant offered plaintiff reinstatement before she had even filed suit. Plaintiff's proffered reasons for not returning – that there was hostility between the parties and she feared future discrimination if and when she should become pregnant again – are not sufficient justifications or supported by the evidence.[3] Subjective fear that an employer may, at some point in the future, not offer leave or unlawfully terminate her employment does not meet the standard of objective reasonableness. Morris, 952 F.2d at 203. Compare United Paperworkers Int'l Union, AFL-CIO, Local 274 v. Champion Int'l Corp., 81 F.3d 798, 805 (8th Cir. 1996) (observing that "[s]ubstantial hostility, above that normally incident to litigation, is a sound basis for denying reinstatement."). Although her feelings were hurt and there were issues of trust, it was unreasonable for plaintiff to remain unemployed for over two years and then take a job with significantly less pay and responsibility, when defendant had offered plaintiff an unconditional offer of reinstatement. Defendant's offer was not contingent upon plaintiff dropping her charges. Plaintiff could have returned to work and had the disagreement about her leave sorted out in court. Consequently, the Court finds plaintiff is not entitled to front pay because she failed to mitigate her damages.

---

[3] In her reply memorandum, plaintiff argues that reinstatement is also not feasible because UTi opposed her application for unemployment benefits. There is evidence in the record that in responding to plaintiff's application, Joyce Carroll, a UTi human resources manager, took the position that plaintiff had voluntarily quit her job, a position that is not supported by the termination letter plaintiff received. There is also evidence in the record that following plaintiff's application for unemployment benefits and when she was eventually cleared for work by her physician, there were three open positions at UTi for which plaintiff did not apply. UTi believed plaintiff could and should return to work for the company. UTi did eventually withdraw its appeal before the unemployment tribunal, which permitted plaintiff to receive unemployment benefits. Understandably plaintiff was angry about Ms. Carroll's response to her application for unemployment benefits, but it should not have kept plaintiff from returning to work for UTi.

In the alternative, the Court finds that plaintiff has not proved that reinstatement at this time is not feasible. The plaintiff bears the burden of proof in establishing a claim for front pay, and there is insufficient evidence that reinstatement would be impracticable or impossible. Gilliland v. Missouri Athletic Club, 273 S.W.3d 516, 524 (Mo. 2009) (en banc). Despite being angry that her employment had been terminated, plaintiff could have returned to her same position on the same shift, for the same rate of pay, and worked with people with whom she got along. Plaintiff has made no showing that this still is not the case. Reinstatement is the preferred remedy for unlawful employment discrimination, and front pay is the disfavored alternative, available only when reinstatement is impracticable or impossible. Id. Plaintiff has not met her burden of establishing that she is entitled to front pay because she has not shown to the Court's satisfaction that reinstatement is not feasible. Franz v. Kernan, 951 F. Supp. 159, 164-65 (E.D. Mo. 1996) (finding plaintiff failed to show that reinstatement to former or comparable position would be impracticable or impossible). The Court believes its finding – that plaintiff is not entitled to front pay – is not inconsistent with the jury verdict. Defendant argues in its response to plaintiff's motion that based on the amount of back pay the jury awarded, the jury must have found that defendant's unconditional offer of reinstatement, and plaintiff's refusal thereof, necessarily cut off plaintiff's back pay. The Court, however, agrees with plaintiff that there is no way of knowing just how the jury in this case made its damages calculation. Based on the amount of back pay it awarded, it would seem logical that the jury concluded plaintiff failed to mitigate her damages when she refused the offer of reinstatement, but no one will ever know for sure. That said, for whatever reason, the jury awarded plaintiff back pay damages that were significantly less than she requested. Plaintiff would have the Court ignore this fact as part of the great mystery inherent in the jury system. The Court believes that awarding plaintiff a large sum of front pay, as she requests the Court do, would

be inconsistent with the jury verdict in this case. Declining to award front pay is consistent with the limited verdict in this case.

### *III. Conclusion*

In conclusion, the Court finds plaintiff is not entitled to the equitable remedy of front pay. Plaintiff is precluded from receiving an award front pay because she failed to mitigate her damages in that she unreasonably rejected an unconditional offer of reinstatement. In the alternative, plaintiff is not entitled to front pay because she did not carry her burden of proof and show that reinstatement is impracticable or impossible at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for equitable relief is **DENIED.** [Doc. 91].

**IT IS FURTHER ORDERED** that plaintiff's motion for a ruling on her motion for equitable relief or, in the alternative, for oral argument, is **DENIED as moot.** [Doc. 102]

_____
**CHARLES A. SHAW
UNITED STATES DISTRICT JUDGE**

Dated this 3rd day of October, 2013.